IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| NICOLE SAPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-126 |
| | ) | |
| DEXTER L. BRUNDRIDGE; SUPERIOR | ) | |
| COURT OF RICHMOND COUNTY; | ) | |
| DOMINION MANAGEMENT SERVICES; | ) | |
| CAROLYN DAVIS; JUDGE | ) | |
| AMANDA N. HEATH; and RICHMOND | ) | |
| COUNTY SHERRIFF, | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because she is proceeding IFP, Plaintiff's second amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

I. **SCREENING OF THE SECOND AMENDED COMPLAINT**

A. **BACKGROUND**

Plaintiff filed her initial complaint on September 26, 2022, and an amended complaint on October 18, 2022. (See doc. nos. 1, 10.) Upon screening Plaintiff's amended complaint on October 28, 2022, the Court determined it was a quintessential shotgun pleading of the type soundly condemned by the Eleventh Circuit Court of Appeals and joined together unrelated claims against various Defendants in violation of Rule 20 of the Federal Rules of Civil Procedure. (Doc. no. 9, pp. 4-5.) Rather than dismiss, the Court gave Plaintiff fourteen days

to file a second amended complaint to address the pleading deficiencies, and she belatedly complied on November 17, 2022. (Doc. no. 10.)

Like the first amended complaint, the second amended complaint is devoid of details, though it no longer brings the same varied, unrelated claims as her prior complaint. In her statement of claim, she merely states she and her family suffered from embarrassment, slander, and threats without implicating a Defendant. (Id. at 4.) She then writes, with no further explanation, "household, car repair, my couches, my plants, my pain suffered, the harassment," and requests Section 8 paperwork from the Department of Housing and Urban Development, her things to be replaced, her car to be repaired, and a safe place to live. (Id.)

While the Court expressly warned Plaintiff the Court will not independently examine exhibits not specifically referenced in the amended complaint, Plaintiff included—without reference—sixty-five pages of attachments consisting of the following: (1) two police reports where she accused Defendant Brundridge of entering her apartment; (2) her lease with Magnolia Court Apartments, operated by Dominion Management; (3) notices to Plaintiff from Dominion Management, including a termination of her lease; (4) summons to appear at a dispossessory action in Richmond County Magistrate Court; (5) Plaintiff's complaint to and response from the Judicial Qualifications Commission regarding Superior Court Judge Amanda Heath; and (6) a report and recommendation from the United States District Court for the District of South Carolina denying her claims for Disability Insurance Benefits and Supplemental Security Income in 2018. (Id. at 6-71.)

**B.      DISCUSSION**

   **1.      Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain

statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Second Amended Complaint Fails to State a Claim

Plaintiff names no Defendants in her brief statement of claim. A district court properly dismisses a defendant where a Plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported cause of action. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Though the attachments hint that Plaintiff might be attempting to bring some sort of claim regarding her lease and subsequent eviction from a property managed by Dominion Management Services, the Court made clear it would not independently review Plaintiff's exhibits. As explained, the Court "cannot serve as 'de facto counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action.'" Weil v. Phillips, 816 F. App'x 339, 341 (11th Cir. 2020) (quoting Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation omitted)). Even if Plaintiff had associated a Defendant with her allegations of embarrassment, slander, and threats, such conclusory allegations will not suffice. See Hesed-El v. Aldridge Pite, LLP, CV 119-162, 2020 WL 3163645, at *5 (S.D. Ga. June 12, 2020) (Hall,

4

C.J.). Plaintiff's second amended complaint amounts to no more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" and fails to state a claim. Iqbal, 556 U.S. at 678. Thus, because Plaintiff neither explains the basis of her cause of action nor how each Defendant specifically harmed her, she has failed to state any allegations to support a claim in federal court against any Defendant.

### 3. Plaintiff's Second Amended Complaint Should Be Dismissed as a Sanction for Failing to Follow a Court Order

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

As explained, the Court ordered Plaintiff on October 28, 2022 to file an amended complaint within fourteen days of that Order, and the Court would dismiss this action should Plaintiff fail to do so. (Doc. no. 9, p. 7.) Plaintiff signed her second amended complaint on November 16, 2022, and submitted it on November 17, 2022, after the November 14, 2022 deadline. Plaintiff's failure to timely file a second amended complaint is in clear violation of the Court's October 28th Order. Because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction. Rather, this case should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of December, 2022, at Augusta, Georgia.

*/s/ Brian K. Epps*
_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA